*Cantrill, Prewitt, J. Q. Ward, for appellees.*

---

## THOS. PEACOCK v. TURNER'S EX'R.

**Appeal—Record—Presumption.**

Where a court refused to make an order allowing the filing of an answer upon condition that defendant would not object to the jurisdiction of the court to try the case on its merits, but immediately after such ruling there appears in the record the paper, without any showing that the court had reconsidered the motion, or that the order rejecting the same had been set aside, it must be considered that the copy of the paper is improperly in the record and that defendant did not waive his right to object to the jurisdiction of the court.

**Courts—Jurisdiction—Charge Against Trust Property.**

Under Section 93, Civil Code, it was held that the circuit court had no jurisdiction to render a judgment subjecting trust property to

the payment of a claim for legal services rendered the trustees and the cestui que trust in drawing the trust deed and defending the trust property against claims of creditors.

## APPEAL FROM MADISON CIRCUIT COURT.

February 10, 1874.

OPINION BY JUDGE PETERS:

This suit in equity was brought in the Madison Circuit Court by appellee's testator against Thomas Peacock, the appellant, and Samuel Wherrett, Sr., as heir at law of Samuel Wherrett, Jr., deceased.

In his petition, testator alleges, in substance, that in the fall of 1862, being an attorney at law, he drew a deed of trust at the instance and request of Peacock and S. Wherrett, Jr., in anticipation of Peacock's leaving the place of his residence and the state of Kentucky, whereby he conveyed the whole of his estate to Wherrett in trust, for the purposes expressed in the deed, and constituted Wherrett his agent to attend to his business generally; that Peacock had considerable real estate in Garrard county, Kentucky, and was indebted to a large amount; that Wherrett removed from his home in Richmond to Lancaster, in Garrard county, and took charge of the family of Peacock, consisting of his infant children, his wife being dead; that he also took possession of Peacock's silversmith shop, and carried it on (both of them being silversmiths), and managed his estate until his return in 1865; and that Wherrett provided for the family of Peacock during his absence, and protected his children. That after the departure of Peacock from the state, some twelve or thirteen suits in equity were instituted against him by his creditors, attaching the trust property conveyed to Wherrett; that he was engaged by the trustee to defend said suits for himself and Peacock; and that he faithfully and diligently defended said suits until the return of Peacock in 1865.

During the absence of Peacock, the testator's alleged property was very much depressed in prices, and the chief object of the trustee was to postpone the trial of the suits until Peacock's return, and until property enhanced in value, which was accomplished by his instrumentality, and after Peacock's return he paid off and arranged his liabilities, and none of the trust property was sold under judgment.

It is further alleged in the petition that Peacock had never paid Wherrett, the trustee, anything for his services, during his life, that

he departed this life in the year 1866 or 1867, intestate, leaving his father, Samuel Wherrett, Sr., his heir at law; that he had been dead more than one year before this suit was instituted, and no one had administered on his estate.

The testator charges that his services were reasonably worth $250; that he had never been paid one cent; and that Peacock refused to pay him anything. He therefore prayed that Peacock and the heir of Samuel Wherrett, deceased, should be required to interplead in relation to his claim; that judgment be rendered against one or the other, or against both, for his demand, and that the trust property be held liable for the same, with interest from January, 1865, and for general relief. A summons was sued out directed to the sheriff of Madison county against Samuel Wherrett, and executed by him, on Wherrett; and Peacock was served with a summons directed to the sheriff of Garrard county in the last named county.

Wherrett filed an answer and a cross-petition against Peacock, and admitted that the services were rendered as set forth in the petition; but he says that they were all rendered for Peacock; that decedent, S. Wherrett, was acting for him, and was not responsible for the fees charged. He avers that his son left his residence in Richmond and removed to Garrard county, took charge of Peacock's estate and children, and remained there until 1865, devoting his time and attention to the business of Peacock, for which he received no compensation; that his services were worth $1,000; and by a cross-petition prayed judgment against Peacock for that sum.

A summons against Peacock on this cross-petition was executed on him in Garrard county. An amended petition was filed, but it only referred to the deed of trust, and made it a part of the petition. In March, 1870, Wherrett, by leave of court, was permitted to withdraw his answer and cross-petition by an order of court, in which are the following words: "This order is in no wise to affect the rights of the plaintiff, and the cause is continued."

In June, 1870, a second amended petition was filed, in which it is alleged that when the deed of trust was drawn, Peacock and Wherrett both engaged the plaintiff's services as attorney at law, to attend to any litigation that might arise concerning the trust property, and to advise the trustee in all matters pertaining thereto; that testator performed the services set forth in his original petition, and advised Wherrett in everything pertaining to his duty as trustee; that Peacock and Wherrett were jointly bound to him for his

fees, which were of the value stated, and he therefore prayed judgment against them for the amount charged. Peacock demurred to the petition on the ground that the Madison Circuit Court had no jurisdiction. His demurrer was overruled, and at the September term, 1871, he filed his answer, controverting the right of testator to any compensation for services performed by him, for reasons set forth in the answer. Upon final hearing the court below rendered judgment in favor of appellee against appellant for $135, with interest at the rate of six per cent. per annum from the 19th day of September, 1872, till paid, and the costs therein expended; and it was further adjudged that said judgment should operate as a lien on the property conveyed by Peacock to Wherrett in trust, etc.

Of that judgment Peacock now complains and seeks a reversal. The vital question is whether the court below erred in overruling appellant's demurrer to the petition, on the ground that the court had no jurisdiction of the person or the subject of the action.

It appears from the petition that when it was filed the trustee was dead; that he died intestate, leaving his father, Samuel Wherrett, his heir at law; that letters of administration had not been granted to any one; and it is not alleged that his father inherited any estate as his heir, except the claim he had against appellant for services performed for him in executing the trust.

It is alleged in the petition that at the time the deed of trust was written by testator, Peacock and Wherrett engaged him to attend to any litigation for them that might arise out of the trust, and the alleged indebtedness was for drawing the deed, and for defending suits brought by those claiming to be creditors of Peacock, to subject the trust property to pay their demands. None of them were against the trustee, personally, or to subject him to personal liability so far as it is shown by this record; nor is there a direct prayer to make the heir of Wherrett responsible; but it is in the alternative to make the one or the other or both responsible, and to subject the trust property to the satisfaction of testator's claim.

The facts as set forth are not sufficient to authorize a personal judgment against the trustee, if he were living. But it appears in this case that the trustee filed his affidavit in one of the cases in the Garrard Circuit Court, which the testator, as counsel of Peacock, etc., was defending, in which he stated that he made no charge against Peacock for any services which he had performed for him

while acting as his trustee, of which it is to be presumed that testator must have been informed as counsel in the case.

Moreover, in the account of testator, filed in the litigation in Garrard Circuit Court, the services are all charged against appellant; the trustee was called on to prove the correctness of the same, and he did it; and there is no intimation either in the account or in the evidence offered to sustain it, that Wherrett, the trustee, was responsible for the same or any part thereof. But it is contended that appellant had not filed his answer in time prescribed, and that when he applied to be permitted to file it, the court below had the discretion either to permit him to do so or not, and could and did put him on terms, and permitted him to file it on condition that he would not rely on the want of jurisdiction of the court to try the case on its merits.

From an inspection of the record, it appears that on the 21st of September, 1870, after his demurrer to the petition had been overruled, appellant, by leave of the court, filed his answer; on the 26th day of the same month, in the year aforesaid, the plaintiff produced and filed a bill of exceptions, which was signed by the court, and ordered to be made a part of the record, from which it appears that on that day testator moved the court to enter an order "Marked A," to the effect that the order made in the case the preceding evening, permitting Peacock to file his answer in this case, be so modified that said Peacock is not to be permitted to rely on the want of jurisdiction in this court to try the case on the merits; that motion was overruled, and testator excepted to the opinion, and had a bill of exceptions made out and signed by the judge, incorporating the rejected order as part thereof.

The court then refused to place any terms on appellant in order to file his answer. But notwithstanding this refusal on the part of the court, and an exception to its ruling by testator, immediately after the bill of exceptions and the order refused by the court, follows a paper to the same effect as the one refused, indeed in almost the very identical language. But there is nothing in the record to show that the court had reconsidered the motion, or that the order rejecting the one offered previously had been set aside. We must conclude that the one copied last is improperly in the record, and the right to object to the jurisdiction of the Madison Circuit Court was not waived. And it does not appear that the Madison Circuit Court had jurisdiction of the person of appellant; but by his de-

murrer he objected to the jurisdiction of the court; and after his demurrer was overruled he did not waive his objection by filing his answer. And on final hearing, no cause of action was made out against Wherrett, and no judgment should have been rendered against appellant. Sec. 108, Civil Code.

But it is not alleged that there was any personal estate conveyed by the deed of trust, that remained undisposed of when the petition was filed. It is alleged that appellant conveyed the whole of his estate to Wherrett; that he had considerable real estate in Garrard county; and that Wherrett took possession of appellant's silversmith shop and carried it on till he returned in 1865; but there is no direct averment that any personal estate passed by the deed. Still, in a suit in the Madison Circuit Court, the trust estate situated in Garrard county, consisting of realty alone, from all that appears, is sought to be subjected to pay testator's debt, and a lien is adjudged in his favor on the trust property. Under Sec. 93, Civil Code, the Madison Circuit Court had no jurisdiction to render such a judgment.

As, therefore, the Madison Circuit Court has no jurisdiction of the subject of the action, from anything that appears in the petition, the judgment must be reversed, and the cause remanded with directions to dismiss the petition. This does not affect the merits of appellee's claim.

*Burnam*, for appellant.

*T. Turner*, for appellee.